# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10782
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANK ORLOWSKI,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-244-1

Before HIGGINBOTHAM, PRADO and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Frank Orlowski pleaded guilty to possessing methamphetamine with the intent to distribute it. The district court sentenced him to the statutory maximum of 20 years of imprisonment to be followed by three years of supervised release. Orlowski timely appealed.

In his sole issue on appeal, Orlowski challenges a two-level enhancement applied by the district court pursuant to U.S.S.G. § 2D1.1(b)(1) because a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm was possessed in connection with the offense.  Orlowski contends that the district court erroneously applied the enhancement based on the recovery of a firearm from the vehicle of a customer who had just left Orlowski's following a drug transaction.  Orlowski asserts that this was the sole basis for the district court's application of the § 2D1.1(b)(1) enhancement, and it is thus the only basis he addresses.

The record reflects that the district court also found that the § 2D1.1(b)(1) enhancement was warranted based on reliable evidence found in the presentence report that Orlowski himself had possessed a firearm in connection with the offense.  By failing to acknowledge and brief this additional basis for the application of the enhancement, Orlowski has waived any challenge to the finding that the enhancement was applicable based on Orlowski's own firearm possession.  *See* FED. R. APP. P. 28(a)(8)(A); *United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002).  We therefore affirm the judgment of the district court.  *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 314 (5th Cir. 2013) (holding that "[w]e may affirm an enhancement on any ground supported by the record").

AFFIRMED.